## MID-CONTINENT PIPE & SUPPLY CO., Inc., v. STATE INDUSTRIAL COMMISSION et al.

No. 27754.   April 5, 1938.

Wagoner & Cooper, for petitioner.

Williams, Montgomery & Williams and Mac Q. Williamson, Atty. Gen., for respondents.

BAYLESS, V. C. J. The State Industrial Commission in making an award of compensation to E. R. Malosh found that Malosh, while in the employment of Mid-Continent Pipe & Supply Company, Inc., and engaged in a hazardous occupation subject to and covered by provisions of the Workmen's Compensation Law, on August 19, 1936, sustained an accidental injury arising out of and in the course of his employment; and that from the injury he sustained a 25 per cent. permanent partial disability to his left index finger; that he was entitled to compensation therefor at the rate of $9.61 per week for a period of 8¾ weeks.

At the hearing before the commission the employer, Mid-Continent Pipe & Supply Company, Inc., contended, as being a bar to any recovery on the part of the claimant, that claimant had failed and omitted to give said employer notice of the injury within 30 days after same had been sustained, "as required by law." The contention is now before us for review. In the Workmen's Compensation Law it is provided (sec. 13358, O. S. 1931) that notice of an injury for which compensation is payable under said law shall be given to the commission

and to the employer "within 30 days after injury," and further, that:

"Such notice may be given by any person claiming to be entitled to compensation, or by someone in his behalf. The notice shall be in writing, and contain the name and address of the employer, and state in ordinary language the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf. It shall be given to the commission by sending it by mail, by registered letter, addressed to the commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter addressed to the employer at his or its last known place of residence; * * * the failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

The injury claimed for was alleged by the claimant, Malosh, to have been sustained on August 19, 1936; and notice of the injury and claim for compensation therefor was filed with the commission on September 17, 1936. There appears in the record before us a letter, dated September 16, 1936, signed by the claimant's attorney, and addressed to "Mid-Continent Pipe & Supply Company, 900 SE 29th Street, Oklahoma City, Oklahoma," and wherein it is stated:

"Re: E. R. Malosh v. Mid-Continent Pipe & Supply Company—injured 8-19-36.

"I have been employed to represent the above named claimant and am today filing motion for hearing before the State Industrial Commission, copy of which is attached hereto. If you are interested in settling this case I will be glad to talk it over with you at any time."

Mr. Joseph Brown, identified in the record as being general manager and president of the Mid-Continent Pipe & Supply Company, in the course of his testimony before the commission admitted having received the letter referred to above, and made no contention that the motion for hearing, referred to in said letter, was not also received. The motion for hearing appears in the record, and, among other things, states:

"That claimant sustained an accidental personal injury, while in the course of his employment, on August 19, 1936, when his left index finger was caught between a wrench and wheel, claimant further states that he lost no time from work on account of said injury, but that he sustained some permanent partial disability to said finger, which is now quite stiff."

Giving consideration to both the letter and the motion for hearing referred to in the letter, we are of the opinion that same served to substantially meet the requirements of the statute (sec. 13358, O. S. 1931) requiring notice of a compensable injury to be given to the employer; and that the notice thereof was given "within 30 days after injury," as required by said statute. And we, therefore, hold the employer's contention that the claimant's right to recovery was barred to be without merit.

Award of Industrial Commission affirmed.

RILEY, PHELPS, CORN, and DAVISON, JJ., concur.